13-4718-cv
Raeanna Steffenhagen v. Robert Sullivan, Sonja Suhr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of September, two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
              VALERIE CAPRONI,[*]
                    *District Judge.*

_____

RAEANNA STEFFENHAGEN,

                    *Plaintiff-Appellant*,

          -v-                      13-4718-cv

ROBERT SULLIVAN, SONJA SUHR,

                    *Defendants-Cross-Claimants-Cross-Defendants-Appellees.*[**]

_____

Appearing for Appellant:    Mohammed J. Athari, Athari & Associates, LLC, Utica, N.Y.

Appearing for Appellees:    Stanley J. Sliwa, Law Offices of Sliwa & Lane, Buffalo, N.Y. (*for Robert Sullivan*)

                              Marsha E. Harris, Lewis Brisbois Bisgaard & Smith, LLP, New York, N.Y. (*for Sonja Suhr*)

_____

[*]Judge Valerie Caproni, United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision and order of said District Court be and it hereby is **AFFIRMED**.

   Raeanna Steffenhagen appeals from the decision and order of the United States District Court for the Western District of New York (Telesca, *J.*) entered on November 25, 2013, denying her motion for summary judgment and granting the motions for summary judgment of Robert Sullivan and Sonja Suhr. At issue here is whether the district court erred in concluding that Steffenhagen failed to establish a genuine dispute of material fact with respect to her claims against Sullivan and Suhr for lead poisoning and whether the district court erred in determining that Steffenhagen failed to establish a claim of negligence against Suhr. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

   "We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010). "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001); Fed. R. Civ. P. 56(a). We resolve all ambiguities and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

   Steffenhagen's claims for injuries she allegedly suffered as a result of lead-based paint exposure arise under New York common law governing the liability of landlords for defective conditions upon their premises. *See generally Juarez ex rel. Juarez v. Wavecrest Mgmt. Team Ltd.*, 649 N.Y.S.2d 115 (1996).

   To establish liability, a plaintiff must prove the landlord had actual or constructive notice of the presence of lead paint. *See Chapman v. Silber*, 734 N.Y.S.2d 541, 543 (2001). Sullivan put forth evidence that he had no actual or constructive knowledge of the lead paint hazard at his property prior to receiving notice from the Monroe County Department of Health. Although there was evidence of deteriorating paint at the property and that Sullivan knew the property was old, Steffenhagen failed to proffer sufficient admissible evidence to allow a reasonable factfinder to conclude that Sullivan actually knew, or should have known, of the lead hazard. Accordingly, the district court properly granted Sullivan's summary judgment motion.

   Steffenhagen also failed to proffer sufficient admissible evidence to allow a reasonable factfinder to conclude that Suhr had actual or constructive knowledge of the lead paint hazard at her premises prior to notification by the Monroe County Department of Health. Although Suhr knew of the hazards of lead paint, Steffenhagen did not point to portions of the record that could establish Suhr knew, or should have known, of deteriorating paint at the premises. After

receiving notice on February 22, 1993, of the lead hazard at her property, Suhr acted reasonably to abate the hazardous condition. All interior and exterior violations were deemed corrected by the Department of Health within four months. The district court properly granted Suhr's summary judgment motion.

Because Steffenhagen did not adduce evidence sufficient to create a question of fact as to the reasonableness of Suhr's remedial actions, her claim for negligent abatement necessarily fails. The district court properly denied Steffenhagen's motion for summary judgment against Suhr.

Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk